NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000196
15-JUN-2018
08:21 AM

NO. CAAP-17-0000196

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ARTHUR GALVAN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1PC-15-1-1910)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Arthur Galvan (**Galvan**) appeals from the March 7, 2017 Judgment of Conviction and Sentence Notice of Entry (**Judgment**), which was entered against him and in favor of Plaintiff-Appellee the State of Hawai'i (**State**), in the Circuit Court of the First Circuit (**Circuit Court**).[1]

After a jury trial, Galvan was convicted of Arson in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) §

---

[1] The Honorable Rom A. Trader presided.

708-8251(1)(b) (2014),[2] and sentenced to a twenty-year term of incarceration.

Galvan raises one point of error, contending that the prosecutor committed misconduct during rebuttal by appealing to the jury's emotions, thereby diverting the jury from deciding the case on the evidence alone.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Galvan's point of error as follows:

Galvan challenges the following comments made by the prosecutor during rebuttal.

> You know, in this case, justice requires a guilty verdict because the defendant did harm to Maria [Nemoto]. He did harm to Ray [Dong]. And he did harm to the Wahiawa community. And it will not be just to say, eh, you know, maybe some itty-bitty doubt from a made-up story. Fire patterns do not lie.
>
> And so a just verdict would be guilty as charged. Thank you.

Galvan contends that the prosecutor's argument that Galvan did harm to Maria Nemoto (**Nemoto**), Ray Dong (**Dong**), and the Wahiawā community carried significant weight and improperly appealed to the jury's emotions. Galvan argues that Nemoto and

---

[2]     HRS § 708-8251(1)(b) provides:

**§ 708-8251 Arson in the first degree.** (1) A person commits the offense of arson in the first degree if the person intentionally or knowingly sets fire to or causes to be burned property and:
. . . .
(b)     Knowingly or recklessly damages the property of another, without the other's consent, in an amount exceeding $20,000.

Dong were sympathetic figures because Nemoto was advanced in age and Dong had worked hard to build up his business, and that the statement that he did harm to the Wahiawā community was improper because there was no evidence that the entire Wahiawā community was harmed.

> During closing arguments, a prosecutor is
>
> permitted to draw reasonable inferences from the evidence and wide latitude is allowed in discussing the evidence. It is also within the bounds of legitimate argument for prosecutors to state, discuss, and comment on the evidence as well as to draw all reasonable inferences from the evidence. In other words, closing argument affords the prosecution (as well as the defense) the opportunity to persuade the jury that its theory of the case is valid, based upon the evidence adduced and all reasonable inferences that can be drawn therefrom.

State v. Rogan, 91 Hawai'i 405, 412-13, 984 P.2d 1231, 1238-39 (1999) (citations and internal quotation marks omitted).

However, prosecutors "should not use arguments calculated to inflame the passions or prejudices of the jury." Id. at 413, 984 P.2d at 1239.

In State v. Schnabel, No. 29390, 2010 WL 4546655 at *3 (Haw. App. Nov. 12, 2010) (mem. op.), vacated in part on other grounds, 127 Hawai'i 432, 279 P.3d 1237 (2012), the prosecutor displayed a PowerPoint slide during closing arguments that read: "Is there a substantial and unjustifiable risk of death from one punch? . . . Ask [the decedent] if it's substantial and unjustified. He's dead!" This court held, and the Hawai'i

Supreme Court affirmed,[3] that the comment "did not reach the level of improper conduct." Id. at *3-4.

Like the statement "[h]e's dead!" in Schnabel, here the prosecutor's comments could be seen as inflammatory; yet they do not rise to the level of improper conduct. In fact, they were much less inflammatory than the PowerPoint slide shown in Schnabel. Upon review of the entire record, and considering remarks in context of all of the arguments made, we conclude that the prosecutor's comments were not improper.

In addition, the prosecutor's statement that Galvan harmed Nemoto, Dong and the Wahiawā community were within the wide latitude afforded to the State in closing argument, as they were reasonable inferences drawn from the evidence. Nemoto testified that she suffered property damage of around $400,000.00. Dong testified that his business suffered property damage of about $1,000,000.00. Although arguably somewhat hyperbolic, because Galvan apparently harmed two neighborhood businesses, it was also a reasonable inference that Galvan had caused harm to the Wahiawā community.

Galvan further argues that it was improper for the prosecutor to argue that a "just verdict" would be guilty as

---

[3] The supreme court stated:

> We find no error in the other points raised by Petitioner and affirm the ICA's opinion insofar as it held that . . . the DPA did not engage in prosecutorial misconduct in displaying a power point slide during closing arguments which stated, "Is there a substantial and unjustifiable risk of death from one punch? ... Ask [Reuther] if it's substantial and unjustified. He's dead!"

State v. Schnabel, 127 Hawai'i 432, 436, n.2, 279 P.3d 1237, 1241, n.2 (2012).

charged." However, viewed in context, this comment appears to simply have been a concluding remark, urging a guilty verdict after having discussed a wide array of evidence, which included, *inter alia*, the fire pattern, Galvan's admission to Terrykay Sandobal that "I burnt it down because I needed to, it needed to be burnt down," rebuttals of Galvan's testimony, and the damages caused by the fire. Therefore, we reject Galvan's argument that the prosecutor was urging the jury to reach a guilty verdict based on issues other than the evidence.

For these reasons, the Circuit Court's March 7, 2017 Judgment is affirmed.

DATED: Honolulu, Hawai'i, June 15, 2018.

On the briefs:

Emmanuel G. Guerrero,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge